**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 97-10004
Summary Calendar

_____

MAYFAIR DEVELOPMENT CORP.,

Plaintiff-Appellant,

VERSUS

CITY OF DALLAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-1594-H)

_____

July 17, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges

PER CURIAM:[1]

Mayfair appeals the district court's order granting summary judgment for the City of Dallas. Mayfair contends that the City acted arbitrarily and capriciously in rejecting a development plan submitted by Mayfair's assignee and that the City's rejection violated the due process, equal protection, and takings clauses of

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Texas and U.S. Constitutions and 42 U.S.C. § 1983. We disagree.

This court has explained that municipal zoning decisions are "sustainable against a substantive due process challenge if there exists . . . 'any conceivable rational basis'" for the decision. FM Properties Operating Co. v. City of Austin, 93 F.3d 167, 174 (5th Cir. 1996) (quoting Shelton v. City of College Station, 780 F.2d 475, 477 (5th Cir.) (*en banc*), *cert. denied*, 477 U.S. 905 (1986)). "Only if such government action is 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare,' may it be declared unconstitutional." Id. (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)). Here, the City Council furnished a number of reasons for its rejection of the development plan; given the presumption of validity we accord such findings, we cannot conclude that the City Council lacked a "conceivable rational basis" for its action. Therefore, we must conclude that Mayfair has failed to state a constitutional violation, and the district court's order is affirmed.

AFFIRMED.